*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 25, 2014                518181
_____

In the Matter of the Claim of
    MARIE C. LAHENS,
                    Appellant.
                                        MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  August 4, 2014

Before:  Peters, P.J., Lahtinen, Rose, Egan Jr. and Devine, JJ.

                    _____

        Eric B. Kaviar, New York City, for appellant.

        Eric T. Schneiderman, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.

                    _____

        Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 12, 2012, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

        Claimant worked as a certified nurse's aide for the employer, a nursing home facility.  After having previously taken a 3½-month leave of absence due to an injury, claimant was granted two weeks of leave in March 2009 to care for her husband, who had end-stage renal disease.  The letter granting claimant's request for leave indicated that if a further extension of leave was necessary, claimant would need to submit medical documentation along with her request.  The employer's vice-president of human resources testified that the employer permitted leaves of absence of up to two years and that if claimant had requested an extension of her leave of absence, it would have been granted.  In addition, the employer offered

claimant the opportunity to work part time on weekends. Nevertheless, claimant did not request a leave of absence; rather, she resigned and relocated to Florida five months later to join her husband, who had moved to Florida in 2008 with the intention of retiring there and because the wait for a kidney transplant was shorter in duration there. He received a kidney transplant six months after claimant resigned. The Unemployment Insurance Appeal Board ultimately determined that claimant had voluntarily separated from her employment without good cause, and she now appeals.

We affirm. "Relocating to retire with and care for one's spouse does not constitute good cause for leaving employment absent proof of a compelling medical necessity for the move" (Matter of Bastien [Commissioner of Labor], 87 AD3d 784, 785 [2011] [citations omitted]; see Matter of Tetlow [Commissioner of Labor], 47 AD3d 1042, 1042-1043 [2008]). Claimant provided no medical documentation indicating that she had received medical advice to join her husband in Florida (see Matter of Moshier [Commissioner of Labor], 79 AD3d 1557, 1558 [2010]; Matter of Tetlow [Commissioner of Labor], 47 AD3d at 1043), nor did she explain the five-month delay in relocating to Florida after she resigned. In any event, claimant's husband received a kidney transplant six months after she resigned, and the employer indicated both that it would have granted her an additional leave of absence and that continuing work was available to her. Under these circumstances, substantial evidence supports the Board's determination that claimant voluntarily left her employment without good cause.

Peters, P.J., Lahtinen, Rose, Egan Jr. and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court